UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL WELCH,
Individually and on Behalf of All
Others Similarly Situated,

        Plaintiffs,

   v.

ELECTRA THEODORIDES-BUSTLE
Director, Florida Department of Highway
Safety and Motor Vehicles, CARL FORD,
Director, Florida Division of Motor Vehicles,
and JOHN DOES 1-10.

        Defendants.

_____/

# 09-21837

# CIV-ZLOCH

/ROSENBAUM

**JURY TRIAL DEMANDED**

FILED by _AJS_ D.C.

JUL - 1 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## CLASS ACTION COMPLAINT

Plaintiff, Michael Welch, on behalf of himself and all others similarly situated, alleges and avers as follows:

### INTRODUCTION

1.    This class action arises out of improper and unlawful actions by the Defendants who disclosed, sold, and/or otherwise disseminated the Plaintiff's and the Class members' personal information as prohibited by law.

2.    Plaintiff and the Class members are licensed drivers in the State of Florida and their personal information is maintained by the Florida Department of Highway Safety and Motor Vehicles ("DHSMV").

3.    The individual Defendants, while acting as agents and/or employees of the DHSMV, unlawfully disclosed, sold, and/or otherwise disseminated the personal information to The Source for Public Data ("PublicData") and Shadowsoft, Inc. ("Shadowsoft").

CASE NO.: _____

4.      Upon unlawfully obtaining the personal information from the individual Defendants, PublicData and Shadowsoft then sold and/or otherwise disseminated said information, which pertained to the Plaintiffs and the individual Class members, over the internet.

5.      The acts of the Defendants, as described more particularly below, were in violation of the law, specifically the Federal Driver's Privacy Protection Act ("DPPA").

**PARTIES**

6.      Plaintiff Welch is an individual who resides in this District.   Plaintiff's confidential personal information was unlawfully disclosed, sold, and/or otherwise disseminated by Defendants to PublicData and Shadowsoft.

7.      Defendant Electra Theodorides-Bustle was at all relevant times, the Director of the Florida Department of Highway Safety and Motor Vehicles and is being sued in her individual capacity. Defendant Bustle may be served a copy of the summons and petition directed to: Department of Highway Safety and Motor Vehicles, Neil Kirkman Building, 2900 Apalachee Parkway, Tallahassee, Florida, 32399.

8.      Defendant Carl Ford was at all relevant times, the Director of the Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles and is being sued in his individual capacity. Defendant Ford may be served a copy of the summons and petition directed to:   Department of Highway Safety and Motor Vehicles, Neil Kirkman Building, 2900 Apalachee Parkway, Tallahassee, Florida, 32399.

9.      Defendants Does 1 through 10 are directors, employees, agents, and/or contractors of the Florida Department of Highway Safety and Motor Vehicles that are yet to be

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

CASE NO.: _____

named and whose identity will become known through discovery and after which such remaining

Defendants will be added as individual Defendants.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action and all the Defendants pursuant to 28

U.S.C. § 1331 in that this action arises under statutes of the United States, specifically the

Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq*. The DPPA specifically authorizes

this Court to exercise jurisdiction.

11.     This Court has jurisdiction over the individual Defendants, who at all times

relevant were acting as employees, contractors and/or agents of DHSMV, because they are

residents of the State of Florida and the unlawful acts committed by the individual Defendants

took place in the State of Florida.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

13.     PublicData operates a website, www.publicdata.com, which aggregates consumer

data on individual members of the public and then sells that information over the internet.

14.     Shadowsoft is a Texas corporation that specializes in "public records database

distribution."

15.     Subsequent to September 30, 2004, Shadowsoft unlawfully acquired a large

database of information from DHSMV.

16.     The information database acquired by Shadowsoft from DHSMV contained

"personal information" (as defined by the DPPA, 18 U.S.C. §§ 2721, *et seq*.) belonging to

hundreds of thousands of licensed drivers in the State of Florida.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

CASE NO.: _____

17.     Upon information and belief, co-defendant Shadowsoft transferred the database *in totum* to PublicData.

18.     PublicData then made the personal information belonging to those individuals, unlawfully acquired from DHSMV, available for search and sale on its website, www.publicdata.com.

19.     The Defendants, acting under the color of state law and as agents of DHSMV, knowingly authorized, directed, ratified, approved, acquiesced in, committed or participated in disseminating the personal information, maintained by DHSMV, but belonging to Plaintiffs and the Class members, to Shadowsoft and PublicData.

20.     The Plaintiffs' and the Class members' personal information was disseminated by the Defendants without first obtaining the express consent of the individuals to whom the information belonged.

21.     The Plaintiffs' and the Class members' personal information was disseminated by the Defendants, acting as agents of DHSMV, for a purpose not permitted under the DPPA.

22.     At all times material, the individual Defendants and agents of DHSMV knew, or reasonably should have known, that their actions violated clearly established statutory rights of the Plaintiffs and the Class members.

23.     As a result of Defendants' intentional and fraudulent concealment of their wrongful conduct any applicable statutes of limitations have been tolled.

24.     As a result of Defendants' intentional and fraudulent concealment of their wrongful conduct, Defendants have waived and should be estopped from any claims of immunity, including, but not limited to any claims of official immunity.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

CASE NO.: _____

## CLASS ACTION ALLEGATIONS

25.     This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ.

P. 23.   Plaintiffs bring this action on their own behalf and all others similarly situated, as

representatives of the following class:

> All individuals who had a Florida drivers license whose personal
> information, as defined by 18 U.S.C. § 2725(3), was disclosed after
> September 30, 2004, by the Florida Department of Highway Safety and
> Motor Vehicles, or any agent, officer, employee, or contractor, thereof, to
> Shadowsoft or PublicData, or any agent of Shadowsoft or PublicData.

Excluded from the Class are (1) any individual Defendant; (2) any member of the

immediate family of any individual Defendant; (3) any officer agent or employee of the

Defendants or family members thereof; and/or (4) any of the undersigned attorneys or any

member of the undersigned attorneys' immediate families.

26.     The particular members of the Class are capable of being described without

difficult managerial or administrative problems.   The members of the Class are readily

identifiable from the information and records in the possession or control of the Defendants.

27.     The Class members are so numerous that individual joinder of all members is

impractical.   This allegation is based upon information and belief that PublicData and

Shadowsoft misappropriated the personal information of millions of licensed drivers from

DHSMV.

28.     There are questions of law and fact common to the Class, which questions

predominate over any questions affecting only individual members of the Class, and, in fact, the

wrongs suffered and remedies sought by Plaintiff and the other members of the Class are

premised upon an unlawful scheme participated in by all Defendants.   The principal common

issues include, but are certainly not limited to the following:

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

    a.      The nature and extent of the individual Defendants' participation in DHSMV policy of disclosing the personal information of Florida drivers;

    b.      Whether the actions taken by agents of DHSMV and/or the individual Defendants in disclosing the personal information of Florida drivers violated the DPPA;

    c.      Whether the individual Defendants, in disclosing the personal information of the Class members, violated the DPPA;

    d.      Whether the individual Defendants, in disclosing the personal information of the Class members, violated 42 U.S.C. § 1983.

    e.      The nature and extent to which the personal information belonging to the Class members was unlawfully used or sold;

    f.      The nature and extent of the Class members' actual damages;

    g.      The nature and extent of all statutory penalties or damages for which the Defendants are liable to the Class members; and

    h.      Whether punitive damages are appropriate.

29.    Plaintiffs' claims are typical of those of the Class and are based on the same legal and factual theories.

30.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have suffered injury in their own capacity from the practices complained of and are ready, willing and able to serve as class representatives. Moreover, Plaintiffs' counsel is experienced in handling class actions and actions involving unlawful commercial practices. Neither Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action.

31.     Certification of a plaintiff class under Fed. R. Civ. P. 23 is appropriate in that Plaintiffs and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendants.

32.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

33.     The parties opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief.

## COUNT I
## (Violation of the DPPA)

34.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35.     The DPPA, 18 U.S.C. §§ 2721, *et seq.*, prohibits any state department of motor vehicles officer, employee, or contractor from knowingly disclosing "personal information" except under specific conditions enumerated in the statute.

36.     "Personal information" is defined in the DPPA, specifically 18 U.S.C. § 2725(3) as follows:

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

CASE NO.: _____

43.    The policies, procedures, practices and acts of the Defendants described above, have subjected Plaintiffs and the Class members to the deprivation of their rights of privacy, as secured to them by the DPPA, and are therefore in violation of 42 U.S.C. § 1983.

44.    This statutory right to privacy under the DPPA was clearly established at the time of the Defendants' violations.

45.    As a proximate result of the Defendants' conduct as set forth above, Plaintiffs and the Class members have sustained damages.

46.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action.  Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs in this action.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the Defendants as follows:

a)    For an order certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 and appointing Plaintiff and his counsel, to represent the Class;

b)    For a declaration that the Defendants' actions violated the Federal Driver's Privacy Protection Act and 42 U.S.C. § 1983;

c)    For all actual damages, statutory damages, penalties, and remedies available for the Defendants' violations of the Federal Driver's Privacy Protection Act and 42 U.S.C. § 1983;

d)    An order enjoining Defendants from violating the DPPA and 42 U.S.C. § 1983 now and in the future;

CASE NO.: _____

e)   For an award to Plaintiff and the Class of their costs and expenses of this action

     pursuant to the DPPA and 42 U.S.C. § 1983;

f)   For an award to Plaintiff and the Class their reasonable attorneys' fees pursuant to

     the DPPA and 42 U.S.C. § 1983; and

g)   For such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

**HARKE & CLASBY, LLP**
Lance A. Harke, P.A.
Fla. Bar No. 863599
155 South Miami Ave., Suite 600
Miami, FL 33130
Phone (305) 536-8220
Fax (305) 536-8229

*Of Counsel:*

**BURGESS & LAMB, P.C**
Mitchell L. Burgess, Esq.
Keith C. Lamb, Esq.
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**RALPH PHALEN ATTY. AT LAW**
Ralph K. Phalen, Esq.
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 589-0753
(816) 471-1701 FAX

**SAXTON LAW FIRM, LLC**
Don P. Saxton, Esq.
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**ATTORNEYS FOR PLAINTIFFS**

**JS 44** (Rev. 2/08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-21837**

**CIV-ZLOCH**

### I. (a) PLAINTIFFS

MICHAEL WELCH, on behalf of himself and
all others similarly situated,

### DEFENDANTS

ELECTRA THEODORIDES-BUSTLE Director, Florida Department of Highway Safety and Motor Vehicles, CARL FORD,

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harke & Clasby LLP          Telephone: 305-536-8220
155 South Miami Ave. Suite 600   Facsimile: 305-536-8229
Miami, FL 33130

09-CV-21837 – Zloch / Rosenbaum

Attorneys (If Known)

ROSENBAUM

FILED by MJS D.C.

JUL - 1 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S.D. of FLA. – MIAMI

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

✓ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO

JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

This is an action to recover damages sustained as a result of Defendants' violation of the Federal Driver's Privacy Protection Act 18 U.S.C. §§ 2721and 42 U.S.C. § 1983.

LENGTH OF TRIAL via ___14___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 7/1/09

**FOR OFFICE USE ONLY**

AMOUNT $ 350.00   RECEIPT # 1003866
07/01/09