**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

MICHAEL WELCH,

Plaintiff,

v. CASE NO. 4:09cv302-RH/WCS

ELECTRA THEODORIDES-BUSTLE et al.,

Defendants.

_____________________________________/

**ORDER CERTIFYING RULE 23(b)(2) CLASS**

This case arises under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-25. The plaintiff Michael Welch asserts that the defendants—employees of the Florida Department of Highway Safety and Motor Vehicles—violated the Act by unlawfully disclosing personal information of Florida drivers in bulk to a private corporation, Shadowsoft, Inc. Mr. Welch has moved to certify a class of Florida drivers whose information was disclosed to Shadowsoft after September 30, 2004. This order grants the motion.

I

These ultimate findings are entered based on the entire record:

(1) The class is so numerous that the joinder of all its members is impracticable;

(2) There are questions of law and fact common to the class;

(3) Mr. Welch's claims are typical of the class claims;

(4) Mr. Welch will fairly and adequately protect the class's interests;

(5) The defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief and corresponding declaratory relief—if Mr. Welch prevails on the merits—will be appropriate respecting the class as a whole;

(6) The class counsel have sufficient experience, knowledge, interest, and resources to adequately represent the class and will do so.

II

In certifying a class, a trial court must conduct a "rigorous analysis" that "consider[s] the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). The factual record, as opposed to "sheer speculation," must demonstrate that each requirement of Rule 23 has been met. *Id.* at 1267. The factual record developed so far demonstrates the following.

The Department has provided Shadowsoft with personal information from the Florida driver's-license database since at least 2001. At least two contracts

have formalized the relationship, one entered in 2006 and another in 2009. As part of this ongoing relationship, Shadowsoft has received over a million records per year—as few as 2.6 million in 2003 and as many as 10.2 million in 2006. Approximately 31 million records were disclosed between 2005 and July 2009. The individual defendants participated to varying degrees and with varying levels of authority in the process by which the Department authorized the disclosures.

Whether the disclosure of the personal information violated the Driver's Privacy Protection Act, thus entitling Mr. Welch and class members to injunctive and declaratory relief, and whether the individual defendants can be held individually liable for the disclosure if illegal, are issues that turn on factual disputes not resolved by this record. *See* Order Denying Summ.-J. Mots., ECF No. 68.

III

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir.2004). And a court certifying a class must appoint class counsel that are adequate under Rules 23(g)(1) and 23(g)(4). *See* Fed. R. Civ. P. 23(g)(2). Even if these requirements are not contested by the defendants, "a court nevertheless has

the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003).

A

The requirements in Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009) (citing *Valley Drug*, 350 F.3d at 1187-88).

The record demonstrates that the class is so numerous that the joinder of all its members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The record indicates that from 2005 through July 2009, Shadowsoft received approximately 31 million records—any records that were changed or added during that time. Although it is impossible to know precisely how many drivers that represents, common sense is sufficient to determine that numerosity has been amply proven. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266-68 (11th Cir. 2009) (finding the testimony that the defendant employed 5,000 associates nationally sufficient to demonstrate numerosity for a nationwide class, but not for a Florida-only class).

The record demonstrates that there are questions of law and fact common to the class. *See* Fed. R. Civ. P. 23(a)(2). Common issues are those susceptible to "class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). As

the plaintiff has alleged, and the evidence so far supports, the Department provided access to the records of any Florida driver for reasons that did not turn on the identity of any particular driver. Thus, whether a permissible use justified the Department's disclosure of information is a mixed question of law and fact susceptible to class-wide proof.

The record demonstrates that Mr. Welch's claims are typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). This standard is easily met here. Mr. Welch's records apparently were released in the same way and for the same reasons as those of other class members; the legal justification—or lack of it—appears equal.

The record demonstrates that Mr. Welch will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). This analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug*, 350 F.3d at 1189 (quotation omitted). Because of the commonality of issues among class members, the record contains no hint of a conflict among class members. For all this record reflects, Mr. Welch has every reason to represent the class zealously and is motivated to do

so.

B

The defendants have acted—by approving the disclosure of records to Shadowsoft—and refused to act—by not ending the practice or retrieving the records—on grounds that apply generally to the class. If Mr. Welch prevails on his claim that the defendants have violated the Driver's Privacy Protection Act, he will be entitled to final injunctive relief and corresponding declaratory relief. And the same relief will be appropriate for the class as a whole. If, on the other hand, Mr. Welch does not prevail on the merits, a declaration to that effect will be proper for all class members, and injunctive relief properly will be denied for the class as a whole. This squarely and easily meets the requirement for certification under Rule 23(b)(2).

Whether the case also meets the criteria for certification under Rule 23(b)(3) need not be decided—at least not yet. The record gives no reason to believe that any class member—let alone a significant number of class members—could reasonably assert a claim for actual damages. Mr. Welch has alleged no intention to seek actual damages for himself or for the class. Instead, Mr. Welch intends to seek, for himself and the class, statutory damages only. *See* 18 U.S.C. § 2724(b). Certification under (b)(2) is sufficient to allow the class to seek an award of statutory damages of this kind:

> Monetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998); *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1155 (11th Cir.1983). "[M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." *Allison*, 151 F.3d at 415 (emphasis added); *see also Lemon v. Int'l Union of Operating Eng'rs.*, 216 F.3d 577, 581 (7th Cir.2000); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 928-29 (9th Cir.1982). Because the Eleventh Circuit has not yet established specific criteria for determining when monetary damages are incidental to equitable relief, we look to a Fifth Circuit case for guidance. In *Allison v. Citgo Petroleum Corp.*, the court explained:
>
>> By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief.... Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established.... Liability for incidental damages should not ... entail complex individualized determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.
>
> 151 F.3d at 415.

*Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001). Upon a finding of liability—and if at least one defendant is held not to have qualified immunity—a class member may or may not "automatically" be entitled to statutory damages, but there will be no "complex" or even simple "individualized determinations"; there will be only a "group remedy, consistent with the forms of relief intended for (b)(2) class actions."

A (b)(3) class could properly be certified only if "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Pertinent to this issue is the "class members' interests in individually controlling the prosecution . . . of separate actions." Fed. R. Civ. P. 23(b)(3)(A). A (b)(3) class action, with its attendant notice requirements, might well be superior to *individual* actions as a means of resolving the statutory-damages claims, but a (b)(3) class action plainly is not superior *to a (b)(2) class action*. And except for any class member with a substantial claim for actual damages—in the unlikely event there is one—the class members have no interests that would support individually prosecuting separate actions.

Because Mr. Welch seeks to recover for the class only injunctive and declaratory relief and "incidental" statutory damages, the class properly should be certified under Rule 23(b)(2). If, as the case progresses, there is any indication that one or more class members may have incurred actual damages, the issue of (b)(3) certification can be revisited, or notice and opt-out procedures can be implemented to protect the claims of those with actual damages.

C

Finally, Mr. Welch's attorneys have demonstrated sufficient experience, knowledge, interest, and resources to fairly and adequately represent the class. *See* Fed. R. Civ. P. 23(g)(1). There is no reason to doubt that they will do so. The case

has been well presented thus far. Three of Mr. Welch's attorneys—Don Saxton, Mitchell Burgess, and Ralph Phalen—have extensive experience in Drivers' Privacy Protection Act class-action cases. *See Roberts v. Source for Pub. Data, LP*, No. 08-04167-CV-C-NKL, 2010 WL 2195523 (W.D. Mo. May 28, 2010) (certifying a settlement class); *Wiles v. Sw. Bell Tel. Co.*, No. 09-4236-CV-C-NKL, 2010 WL 1463025 (W.D. Mo. Apr. 13, 2010); *Kraege v. Busalacchi*, 687 F. Supp. 2d 834 (W.D. Wis. 2009). And Florida counsel, Harke Clasby & Bushman LLP, is also experienced in class actions.

IV

So certification of the case as a (b)(2) class action is appropriate. Mr. Welch has proposed a class definition that is also appropriate. The defendants have opposed certification but have not asserted that, if a class is to be certified, Mr. Welch's proposed definition is improper. This order adopts the definition.

V

A final issue deserves mention. The defendants assert that a prior class-action settlement may bar some claims for some class members. *See* Defendants' Seventh Notice of Supplemental Authority, ECF No. 67. But this does not preclude certification of a class in this case. This is, instead, simply a defense that should be addressed in the ordinary course. It bears noting, too, that the end date for the class in the prior action is the start date for the class in this action.

VI

For these reasons,

IT IS ORDERED:

1. The plaintiff's motion for class certification, ECF No. 39, is GRANTED.

2. The named plaintiff Michael Welch is designated as class representative of a Rule 23(b)(2) class defined as follows:

> All individuals who had a Florida drivers license whose personal information, as defined by 18 U.S.C. § 2725(3), was disclosed after September 30, 2004, to the present, by the Florida Department of Highway Safety and Motor Vehicles, or any agent, officer, employee, or contractor thereof, to Shadowsoft, Inc. or The Source for Public Data.
>
> Excluded from the Class are (1) any individual Defendant; (2) any member of the immediate family of any individual Defendant; (3) any officer, agent, or employee of the Defendants or family members thereof; (4) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; and (5) the Court and any employee of the Court.

3. The class is certified with respect to the following causes of action:

> Any claims for declaratory or injunctive relief or statutory damages under the Drivers' Privacy Protection Act, 18 U.S.C. § 2724(a), and 42 U.S.C. § 1983, premised upon disclosures of personal information by the Florida Department of Highway Safety and Motor Vehicles to Shadowsoft, Inc. or The Source for Public Data.

4. Attorneys Lance Harke, Mitchell Burgess, Ralph Phalen, and Don

Saxton are designated as class counsel.

SO ORDERED on November 17, 2010.

s/Robert L. Hinkle
United States District Judge